UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, ) | |
| ) | |
| Plaintiff, ) | 2:13-cv-01752-GMN-NJK |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| HIGH DESERT STATE PRISON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. By order filed January 13, 2014, the Court dismissed this action with prejudice, because the complaint was frivolous and could not be cured through amendment. (ECF No. 8). Judgment was entered that same date. (ECF No. 10). Plaintiff has filed two motions for reconsideration of this Court's order of dismissal. (ECF Nos. 11 & 12).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

1   (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
    discovered evidence, that, with reasonable diligence, could not have
2   been discovered in time to move for a new trial under Rule 59(b); (3)
    fraud (whether previously called intrinsic or extrinsic),
3   misrepresentation, or other misconduct by an opposing party; (4) the
    judgment is void; (5) the judgment has been satisfied, released or
4   discharged; it is based on an earlier judgment that has been reversed or
    vacated; or applying it prospectively is no longer equitable; or (6) any
5   other reason that justifies relief.

6      Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick*

7   *Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider,

8   a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

9   prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal.

10  1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of

11  the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be

12  filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P.

13  59(e) "should not be granted, absent highly unusual circumstances, unless the district court is

14  presented with newly discovered evidence, committed clear error, or if there is an intervening change

15  in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v.*

16  *Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).  Federal courts have determined that there are four

17  grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of

18  law or fact upon which the judgment is based; (2) the moving party presents newly discovered or

19  previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4)

20  there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*,

21  338 F.3d 1058 (9th Cir. 2003).

22     In the instant case, this Court properly entered judgment dismissing this action in the order

23  filed January 13, 2014.  (ECF No. 8).  This Court properly reviewed and dismissed this action as

24  frivolous, pursuant to 28 U.S.C. § 1915A(b)(1),(2) and 28 U.S.C. § 1915(e)(2).  The Court dismissed

25  plaintiff's action for damages against High Desert State Prison, the Nevada Department of

26  Corrections, and the State of Nevada because states and arms of the state are not persons for

purposes of § 1983 actions.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Court further ruled that plaintiff's defamation claim lacked an arguable basis in law for violation of his federal constitutional rights, and was therefore subject to dismissal with prejudice as legally frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, the Court specifically ruled that amendment could not cure the deficiencies of the frivolous claim.  (ECF No. 8, at pp. 3-4).

In his motions for reconsideration, plaintiff has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment.  Plaintiff has not shown that manifest injustice resulted from dismissal of the action.  Plaintiff also has not presented newly discovered or previously unavailable evidence.  Plaintiff has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration or otherwise altering the judgment of this Court.

**IT IS THEREFORE ORDERED** that plaintiff's motions for reconsideration (ECF Nos. 11 & 12) are **DENIED.**

Dated this ___29___ day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court