# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

John Turner,

        Plaintiff,

  vs.

High Desert State Prison, *et al.*,

        Defendants.

Case No.: 2:13-cv-1752-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Reconsider, (ECF No. 26), filed by *pro se* Plaintiff John Turner.[1]

**I. BACKGROUND**

Plaintiff filed this action on September 24, 2013, purporting to set forth a claim for defamation. (Compl. ¶ 1, ECF No. 9). On January 13, 2014, the Court issued a screening order dismissing Plaintiff's Complaint with prejudice, finding that Plaintiff's claim was frivolous and its defects could not be cured through amendment. (Screening Order 4:4-13). Subsequently, Plaintiff filed three separate Motions for Reconsideration, arguing that his Complaint was dismissed in error. (ECF Nos. 11, 12, 18). The Court denied the first two of these on January 29, 2013, (ECF No. 13), and the third on August 25, 2014, (ECF No. 18). In the instant Motion, Plaintiff again requests that the Court reconsider the dismissal of his Complaint. (Pl.'s Mot. p. 1, ECF No. 26).

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. LEGAL STANDARD

### A. Reconsideration of this Court's Prior Orders

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court may reconsider its orders. This rule, governing relief from a judgment or order, provides in part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

For the reasons set forth by the Court in its previous Orders, (ECF Nos. 13, 18), the Court finds no grounds for reconsideration. Plaintiff's request has already been rejected by the Court, and he provides explanation as to why this case should be reopened. Furthermore,

1  Plaintiff's vexatious history in this case contradicts any notion that reconsideration is necessary
2  to "prevent manifest injustice." Accordingly, Plaintiff's Motion will be denied.
3  **III. CONCLUSION**
4  **IT IS HEREBY ORDERED** that the Motion to Reconsider, (ECF No. 26), is
5  **DENIED**.

7  **DATED** this __14__ day of April, 2016.

                                                                  _____
                                                                  Gloria M. Navarro, Chief Judge
                                                                  United States District Court